THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. VICTOR DOWNS, Defendant.

Supreme Court, Special Term, Suffolk County, May 13, 1943.

*George W. Percy* for defendant.

*Fred J. Munder, District Attorney,* for plaintiff.

HOOLEY, J. . Motion by defendant to effect a change of place of trial of an indictment from the county of Suffolk upon the ground that a fair and impartial trial cannot be had in that county. The indictment is for blackmail.

Some years ago the defendant was indicted in Suffolk County for the crimes of murder in the first degree and robbery in the first degree. The indictments were found by reason of the death and robbery of one Tuthill. The case was known as the " Corn Doctor case." Great publicity resulted in Suffolk County and in the metropolitan press with the result that throughout the county the cause of death of Tuthill, the indictments, the trial of this defendant, and his wife's connection therewith, became the subject of intense interest and discussion. Neither the defendant nor his wife, who had also been indicted for murder, was convicted. The defendant thereafter was convicted of an assault upon another person and has served ten years in prison.

The years have apparently not served to dim the interest of the people of Suffolk County in the affairs of this defendant as various influential citizens thereof, unacquainted with him, sub-

mit to the court their affidavits in which they indicate that the
ends of justice demand that the trial be had in some other
county. Upon the argument, the Assistant District Attorney,
while insisting that a fair and impartial trial might be had in
Suffolk County, conceded that ninety-five per cent of the people
thereof knew the defendant by reputation and that that reputa-
tion was unsavory.

It is not necessary here to relate in detail what happened
upon the defendant's trial for murder. Suffice it to say that
because of technical difficulties which arose in the matter of
presenting the proof the prosecution failed, despite the state-
ment of the defendant's wife to the District Attorney which
described in vivid detail the death of Tuthill at the hands of
defendant. This statement was given wide publicity.

Two of the prosecution witnesses to appear upon the trial of
the present indictment are Hon. L. BARRON HILL, County Judge
of Suffolk County, and Stanley Fowler, a prominent leader of
the Bar. Letters allegedly written by defendant to these two
gentlemen are apparently the basis of the indictment. Through-
out his years upon the bench Judge HILL has acquired a reputa-
tion for rectitude and unselfish public service. Most of the
jurors in Suffolk County have come in contact with him and he
has won their respect and confidence. In an ordinary case, the
rights of any indicted defendant would be to some extent preju-
diced when the issue appeared to develop between him and the
respected County Judge. But when there is added thereto the
additional facts that in this particular case the defendant is a
man of extremely bad reputation and that such bad reputation
is a matter of general knowledge throughout Suffolk County, the
wide publication of the grim and sordid details of the murder,
the dramatic occurrences at the trial which were given equal
publicity, and the indication of a general feeling by the public
that justice had not triumphed because of technicalities, a situa-
tion is presented which calls for the most careful consideration
by this court of the facts presented on this application.

The lowest man in the community has a right to a fair and
impartial trial. Not only must he have a fair trial, but the
people of that community must believe that he has had such a
trial. Nothing will create greater confidence in our courts than
to surround each defendant with every possible safeguard to
insure to him a trial in accordance with American traditions and
our American way of life.

Upon all the papers before the court, it is apparent that in
the county of Suffolk, a rural county where the crime of murder

is more rare than in urban counties and where occurrences such as are here presented are not soon forgotten, widespread publicity has been given to this defendant's connection with the *Tuthill* case, that such publicity has been revived since his present difficulties occurred, and that there is a general prejudice against him which will interfere with his obtaining a fair and impartial trial.

Motion granted. The trial is transferred to Nassau County to be held on June 7, 1943.